**MESSRELIAN LAW INC.**
Harout Messrelian, Esq., SBN 272020
500 N. Central Ave., Suite 840
Glendale, California 91203
Telephone: (818) 484-6531
Facsimile:  (818) 956-1983
Email:       hm@messrelianlaw.com
Email:       pleadings@messrelianlaw.com *(E-Service Email)*

Attorneys for Plaintiff Alex Salinas Mujica

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SALINAS MUJICA, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA and DOES 1 TO 25, INCLUSIVE, <br><br> Defendants. | CASE NO.: 22cv1785-BEN-AHG <br><br> **AMENDED COMPLAINT FOR DAMAGES:** <br><br> **1) NEGLIGENCE ("FTCA")** <br><br> **DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

## COMPLAINT FOR DAMGES

COME NOW Plaintiff ALEX SALINAS MUJICA (hereinafter "Plaintiff"), for his Complaint against Defendants UNITED STATES OF AMERICA and DOES 1 TO 25, inclusive, and alleges as follows:

## PARTIES

1. Plaintiff, ALEX SALINAS MUJICA, is and at all times herein mentioned, was a resident of the State of California.

2. Plaintiff is informed and believes and, on that basis, alleges that Defendant UNITED STATES OF AMERICA is a sovereign government amenable to suit for civil liability under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. Section 2671, et seq. Plaintiff alleges that Defendant UNITED STATES OF AMERICA governs and controls the U.S. DEPARTMENT OF JUSTICE and the FEDERAL BUREAU OF PRISONS, which are sub-entities and agencies of the UNITED STATES OF AMERICA.

3. Upon information and belief, Defendants, and DOES 1 to 25, inclusive, and each of them, were, at all relevant times, officers, directors, agents, members, managers, supervisors, and/or employees of Defendant UNITED STATES OF AMERICA, was involved in causing the personal injuries sustained by Plaintiff on or around April 6, 2021. The use of the term "Defendants" in any of the allegations of this Complaint, unless specifically set forth as otherwise, is intended to include

and charge both jointly and severally, not only the named Defendants UNITED STATES OF AMERICA, but all Defendants designated as Does 1 to 25 as well.

4. DOES 1 to 25 are sued in their individual capacity and Plaintiff is informed and believes that DOES 1 to 25 were, at all times relevant, residents of the State of California.

5. In doing the acts and failing and omitting to act as herein described, Defendant DOES 1 to 25 were acting on the implied and actual permission and consent of Defendant UNITED STATES OF AMERICA.

6. Plaintiff is unaware of the true names or capacities of the defendants sued herein as DOES 1 to 25, inclusive, and therefore sue said defendants by these fictitious names. Plaintiff is informed and believes, and upon that basis alleges that said defendants are in some manner legally responsible for the injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named defendants and the nature of their legal responsibility when the same have been ascertained.

7. At all times mentioned herein, each and every Defendant was the agent of each other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

8. All of the acts complained of herein by Plaintiff against Defendants were

3

**COMPLAINT FOR DAMAGES**

done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

9. At all relevant times, the acts of any DOE Defendants that were business entities or unincorporated associations – and/or the alter egos, successors, or successors-in-interest thereof – were duly authorized, ordered, and/or directed by the Defendants' officers, directors, managers, and/or employees, and those DOE Defendants participated in the acts and conduct of their employees, agents, and representatives, and each of them, and the defendant business entities individually and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and/or consented to, the acts and omissions of their corporate employees, managing agents, directors, executives, and representatives. At all relevant times, the business entity defendants retained the ability to exercise, and in fact exercised, substantial control, whether contractual, actual, implied, or otherwise, over the means and manner in which the remaining defendants conducted their business and had the power to influence the remaining defendants.

## **JURISDICTION AND VENUE**

10. The Court has jurisdiction over Plaintiff's claims for money damages

**COMPLAINT FOR DAMAGES**

against Defendant UNITED STATES OF AMERICA under 28 U.S.C. Section 1331 (as Plaintiff's claims arise under the Federal Tort Claims Act (FTCA); 28 U.S.C. section 2671, et seq.; and 28 U.S.C. Section 1346(b)(1).

11. Venue in this judicial district is proper under 28 U.S.C. Section 1402(b), because this is the judicial district wherein the acts or omissions complained of occurred.

12. Within two years of the date of Plaintiff's injuries, Plaintiff filed Administrative Claims for negligence and personal injuries with the U.S. Department of Justice and the Federal Bureau of Prisons. On or around May 25, 2022, Plaintiff received a denial of his claim and had six (6) months from the date of the mailing of the May 25, 2022 denial letter within which to file suit in the appropriate United States District Court. Thus, Plaintiff's present complaint for damages is timely filed under 28 U.S.C. 2401(b).

## **GENERAL ALLEGATIONS**

13. On or around April 6, 2021 at approximately 3:30am, Plaintiff was an inmate at the Metropolitan Correction Center in San Diego, California, which is owned, operated, managed, maintained, and controlled by Defendant UNITED STATES OF AMERICA through its agency, the BUREAU OF PRISONS (BOP). At the aforementioned date and time, Plaintiff was on the top bunk bed when he suffered an epileptic seizure, causing Plaintiff to fall off the bed and sustain serious personal injuries.

**COMPLAINT FOR DAMAGES**

14. Prior to Plaintiff's stint at Metropolitan Correction Center (MCC), Plaintiff had been diagnosed with idiopathic, adult onset, general seizure disorder. Plaintiff had been diagnosed in 2014 when his seizures initially began. While Plaintiff was an inmate at MCC, all medical and correctional personnel at MCC, including Correctional Officer (CO) Gomez, knew about Plaintiff's medical condition involving seizures. In fact, any CO would have knowledge of Plaintiff's seizure condition because of routine sick calls to the infirmary as well as the fact that the CO would have to open the door to Plaintiff's cell on a daily basis to allow the nurse to administer Plaintiff's prescribed seizure medication. BOP doctors and Physician Assistants would summon Plaintiff to their offices every few months due to Plaintiff's seizure condition. Plaintiff was on medication called Levetiracetam aka Keppra while an inmate at MCC and the BOP staff was responsible for making sure Plaintiff was receiving his medication. Note that lab results taken by BOP staff before and after the seizure in question indicated that Plaintiff's Levetiracetam levels were in the very low range.

15. Plaintiff was moved around at MCC during the pandemic. BOP staff initially moved Plaintiff from the 8th floor (open floor plan with bunk beds) to the 12th floor, which had 2-person and 3-person cells. Plaintiff's first cell on the 12th floor was a 3-man cell. As the covid-19 pandemic's severity lessened, there was an exodus of inmates from MCC to other BOP facilities, resulting in a re-organization of cell assignments by the BOP staff. Consequently, Plaintiff was switched to the cell next

**COMPLAINT FOR DAMAGES**

door and issued the top bunk by BOP staff, specifically, by CO Gomez, who informed Plaintiff of the switch and directed Plaintiff to his new quarters. Plaintiff complained to CO Gomez immediately about having to sleep on the top bunk bed due to his medical condition, but nothing was changed. Plaintiff was then informed that Plaintiff had to voice his concerns to his "rep" and the "rep" could only speak to the CO's on Plaintiff's behalf. Plaintiff also brought up the issue to his "rep", but, once again, nothing was resolved. Plaintiff was not accommodated and had to keep his top bunk bed assignment. Plaintiff's cellmate at the time of the incident was inmate Salgado. Following the subject incident, BOP staff switched Plaintiff's bunk assignment to the bottom bunk.

16. Defendant UNITED STATES OF AMERICA owed Plaintiff a duty care to prevent foreseeable risks of harm on its premises that could cause injury to Plaintiff. Defendant UNITED STATES OF AMERICA, through its agents, knew or should have known of Plaintiff's pre-existing medical conditions and should not have assigned Plaintiff to sleep on a top bunk bed, especially since Plaintiff had requested a bottom bunk bed due to his medical condition. Defendant UNITED STATES OF AMERICA breached its duty of care to Plaintiff by assigning Plaintiff a top bunk bed despite having knowledge of Plaintiff's current medical condition involving seizures. As a result of Defendant's breach, Plaintiff sustained personal injuries in that Plaintiff foreseeably suffered a seizure while sleeping on the top bunk bed, causing Plaintiff to fall to the ground. The fall resulted in a concussion,

**COMPLAINT FOR DAMAGES**

injury to Plaintiff's neck, and a laceration to Plaintiff's forehead requiring over 10 stitches. Plaintiff also sustained injuries to his back and has a scar on his forehead as a result of the subject incident.

## FIRST CAUSE OF ACTION

### NEGLIGENCE (FTCA)
### (Plaintiff Against All Defendants)

17. Plaintiff realleges, repeats, and incorporates by reference each and every allegation set forth in paragraphs 1 through 16 of this Complaint, as though fully set forth herein.

18. On or around April 6, 2021, Defendant UNITED STATES OF AMERICA and DOES 1 to 25, and each of them, owed a duty of care to Plaintiff as described above.

19. Upon information and belief, Defendant UNITED STATES OF AMERICA, and DOES 1 to 25, and each of them, who owned, operated, managed, maintained, and controlled MCC, breached their duties of care to Plaintiff on or around April 6, 2021, by negligently and recklessly assigning Plaintiff to sleep on the top bunk bed with actual and/or constructive knowledge of Plaintiff's past medical history, including but not limited to, Plaintiff's propensities for having epileptic seizures. Defendants UNITED STATES OF AMERICA and DOES 1 to 25, and each of them, failed to protect Plaintiff and failed to keep Plaintiff out of harm's way while Plaintiff was an inmate at MCC.

8

COMPLAINT FOR DAMAGES

20. Upon information and belief, the negligence and/or recklessness of Defendants UNITED STATES OF AMERICA and DOES 1 to 25, and each of them, legally, directly, and proximately caused the incident, and the injuries and damages suffered by Plaintiff, in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial. As a legal, direct, and proximate result of the conduct of Defendants UNITED STATES OF AMERICA and DOES 1 to 25, and each of them, Plaintiff was injured in his health, strength, and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which have caused, and continue to cause, Plaintiff great physical and mental pain, suffering, and anguish, all to his general damage in a sum in excess of the minimal jurisdictional requirements of the Court, according to proof at the time of trial. As a legal, direct, and proximate result of the conduct of Defendants UNITED STATES OF AMERICA and DOES 1 to 25, and each of them, Plaintiff was required to, and did, employ physicians, surgeons, nurses, and other medical practitioners, and was required to, and did, incur medical and incidental expenses, in an amount to be shown according to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff  prays for Judgment against Defendants as follows:

1. For general damages in a sum according to proof at the time of trial;

**COMPLAINT FOR DAMAGES**

2. For special damages in a sum according to proof at the time of trial;

3. For an award of interest, including prejudgment interest, at the legal rate;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: April 13, 2023                MESSRELIAN LAW INC.


By /s/ Harout Messrelian
    Harout Messrelian, Esq.
    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, as a matter of right, a trial by jury in this case.

DATED: April 13, 2023                MESSRELIAN LAW INC.


By /s/ Harout Messrelian
    Harout Messrelian, Esq.
    Attorneys for Plaintiff

10

**COMPLAINT FOR DAMAGES**

## PROOF OF SERVICE

I, Harout Messrelian, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Messrelian Law Inc., 500 North Central, Suite 840, Glendale, CA 91203.

On April 13, 2023, I served a copy(ies) of the following document(s):

Error! Use the Home tab to apply Caption to the text that you want to appear here.

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|----------|-------------------|-------------------|
| RANDY S. GROSSMAN<br>United States Attorney<br>LINDA A. FRAKES<br>Assistant U.S. Attorney<br>Cal. State Bar No. 144666<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>Telephone: (619) 546-6793<br>Facsimile: (619) 546-7751<br>Email: Linda.Frakes@usdoj.gov<br>Email: anna.zarazua@usdoj.gov | Attorneys for:<br>United States of America,<br>U.S. Department of Justice and Federal Bureau of Prisons | CM/ECF |

⊠ (BY CM/ECF SYSTEM)  I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on  April 13, 2023, at Glendale California.

/s/ Harout Messrelian
Harout Messrelian

**COMPLAINT FOR DAMAGES**